**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**


LEE MADDEN
ADC #136534                                                                                   PLAINTIFF

V.                                        5:10CV00215 JLH/JTR

THOMAS DEEN, Prosecuting Attorney,
Tenth Judicial District, et al.                                              DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States Chief District Judge

J. Leon Holmes.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.   An original and one copy of your objections must be received in the office of the United

States District Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.          Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, Lee Madden, who is a prisoner in the Arkansas Department of Correction, has filed a *pro se* § 1983 Complaint, a Memorandum of Law, a Declaration, and Motion for Appointment of Counsel.  *See* docket entries #1 through #4.  For the following reasons, the Court recommends that the case be dismissed, without prejudice, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

## II.  Discussion

### A.    Three Strikes Rule

The Prison Litigation Reform Act contains a three strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed *at least* four § 1983 actions that were dismissed for failing to state a claim upon which relief may be granted: (1) *Madden v. Jackson*, 5:08CV00090 SWW (dismissed on 4-29-08); (2) *Madden v. USA*, 4:09CV00648 JMM (dismissed on 9-8-09); (3) *Madden v. Arkansas Department of Correction;* 5:09CV00175 JMM (dismissed on 8-24-09); and (4) *Madden v. Norris*, 5:09CV00200 (dismissed on 7-30-09).[1] Accordingly, the Court concludes that Plaintiff has accumulated three strikes, as defined by § 1915(g).

**B.     Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) Furthermore, the Eighth Circuit has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to a risk of

---

[1]  Additionally, Plaintiff has had at least three cases dismissed pursuant to the three-strikes rule. *See Madden v. State of Arkansas*, 2:09CV00157 JMM; *Madden v. Norris*, 5:09CV00288 JLH; and *Madden v. Fault*, 2:10CV00086 JMM.

a truly serious physical injury.  *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

Plaintiff alleges that, in 2006, Defendants violated his Fourteenth Amendment right  to due process of law when they wrongfully sentenced him to twenty-five years in prison.  *Id.*  Plaintiff's allegation does not satisfy the imminent danger exception set forth in § 1915(g).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Motion for Appointment of Counsel (docket entry #4) be DENIED, AS MOOT.

2.      The case be DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3.      Plaintiff be advised that if he wishes to continue this case, he must:  (a) pay the $350 filing fee in full; and (b) file a Motion to Reopen the case.

4.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 4th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE